IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**IN RE THE ESTATE OF ETHEL M. HARRIS**

**Appeal from the Probate Court for Shelby County**
**No. PR027264          Kathleen N. Gomes, Judge**

———————————————————————

**No. W2025-00509-COA-R3-CV**

———————————————————————

Appellant, Shamika Sykes, has appealed an order of the Shelby County Probate Court that was entered on March 13, 2025. We determine that the trial court's order does not constitute a final appealable judgment. As a result, this Court lacks jurisdiction to consider this appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Terrell Tooten, Memphis, Tennessee, for the appellant, Shamika Sykes.

Paul N. Royal, Memphis, Tennessee, for the appellees, Tangela Tynes, Rhonda Hall, and Derek Harris.

**MEMORANDUM OPINION[1]**

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the record on appeal to determine whether this Court has subject matter jurisdiction over the appeal. Upon review, it appeared that the instant appeal is not ripe for appellate review. A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The Notice of Appeal denoted Appellant's intent to appeal an order of the trial court entered on March 13, 2025, which granted the complaint for partition and appointed a receiver to execute the sale of the real property that is the subject of this case. However, the order left unresolved "[a]ll other matters, including, but not limited to, a determination of reimbursements for monies expended concerning the maintenance and upkeep of the property, division of net proceeds from the sale . . . , attorney's fees and receiver fees." Moreover, the order did not contain language satisfying Rule 54.02 of the Tennessee Rules of Civil Procedure, which permits a trial court to make an otherwise interlocutory order final by "an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment."

Therefore, on October 20, 2025, this Court entered an order directing Appellant to, within thirty (30) days, either obtain a final judgment from the trial court or else to show cause in this Court why the appeal should not be dismissed for lack of jurisdiction. On November 26, 2025, Appellant submitted a response arguing that the order directing the sale of the subject property is final despite the remaining unresolved issues in the trial court. On December 19, 2025, Appellees filed a response arguing that the Notice of Appeal in this matter was premature, as the trial court reserved judgment on several issues. Upon due consideration, we agree.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Shamika Sykes, for which execution may issue.

PER CURIAM